UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------)
KENYA DEDAN LAWTON (d/b/a            )
ART1 AIRBRUSH LLC                    )
                                     )
                  Plaintiff,         ) Civ. Action No. 25-1089
                                     )
            against                  ) Jury Trial Requested
                                     )
AGENCE FRANCE-PRESSE,                )
GETTY IMAGES, INC.                   )
GETTY IMAGES (US), INC.,             )
                                     )
                  Defendants.        )
-----------------------------------------------------------------)

## **COMPLAINT**

Plaintiff, Kenya Dedan Lawton, (hereinafter "Plaintiff" or "Lawton") by his

attorney, Katherine Daniels LLC, for his complaint against Defendants Agence France-

Presse, Getty Images, Inc. and Getty Images (US), Inc. (hereafter "Defendants") alleges

as follows:

## **NATURE OF THE CLAIMS**

1. This action arises out of Defendants' unauthorized use of photographs of

Plaintiff's famous mural of the now deceased hip hop musician and DJ Jam Master Jay

(Jason William Mizell), a founding member of the group Run-DMC, located at 205th

Street and Hollis Avenue in Jamaica Queens, New York (hereinafter the "Mural").

2. Lawton owns the copyrights in the Mural and licenses them through his

1

company Art1 Airbrush LLC. The copyrights were duly registered as of the date of the infringement. **Exhibit 1.** Neither Lawton nor Art1 Airbrush LLC authorized Defendants to photograph or use the Mural.

3. Defendants' actions have caused and continue to cause damage to Lawton's ability to exercise its exclusive rights under the Copyright Act.

4. Despite Lawton's best efforts, the parties have been unable to reach a settlement. Therefore, Lawton asks the Court to provide relief from Defendants' infringement.

## JURISDICTION AND VENUE

5. This action asserts claims arising under the Copyright Act, 17 U.S.C. §101 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367(a).

6. This Court has personal jurisdiction over the Defendants and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because Defendants regularly conduct business in this District and acts of infringement have occurred in this District.

## PARTIES

7. Lawton is a resident and citizen of the state of North Carolina.

8. Defendant Agence France-Presse (AFP) is a French international news agency headquartered in Paris France with offices at 33 W. 38th Street, Suite 1105, New York, NY 10018. AFP transacts a significant amount of business in the State of New York.

9. Defendants Getty Images, Inc. and Getty Images (US), Inc. are Delaware

2

corporations engaged in the business of media licensing.  Defendants transact a

significant amount of business in the State of New York, with offices at 195 Broadway,

10th Floor, New York, NY 10027.

## FACTUAL BACKGROUND

10. Lawton (a/k/a Art1 Airbrush) is a legendary street artist from Brooklyn known

for his large-scale murals.   Lawton's well-known work includes portraits of Irv Gotti,

Big Daddy Kane, Ernie Hudson, Missy Elliot, Royal Ivey Knicks, Lloyd Banks,

Daymond John, FUBU, Meek Millz, Robin Roberts, Smif N Wessun, and DJ Hurricane,

among others.  Lawton's mural depicting 12 black individuals (Oscar Grant, Eric Garner,

Sandra Bland, Philando Castile, Dujuan Armstrong, Stephon Clark, Fred Cox, Xzavier

Hill, Donovon Lynch, Sean Monterrosa, Tony Robinson and Mario Woods) killed by

police officers commissioned and painted for the 1-800 Happy Birthday Project in 2022

received extensive press coverage.

11. Perhaps Lawton's most famous work is the Mural of the now deceased

hip hop musician/DJ Jam Master Jay, a founding member of the group Run-DMC.  The

Mural is located at 205th Street and Hollis Avenue in Jamaica Queens, New York.  The

copyrights in the Mural have been registered since May 16, 2018. **Exhibit 1.**

12. The Mural is presently of particular significance and commercial interest due

to activities surrounding the 50th anniversary of hip-hop and the recent trial and

conviction of the individuals responsible for Jam Master Jay's murder in 2002.

13. On or about March 2024, Lawton discovered that at least four unauthorized

photographs of the Mural taken by AFP photographer Charly Triballeau were appearing

in numerous publications around the globe bearing a credit to Defendants.

3

14. The infringing photograph was taken within the United States and serves as a predicate for all subsequent infringing uses in the U.S. and abroad.

15. To date, Lawton has identified 39 different publications in the United States, Spain, the United Kingdom, Ireland, Italy, France, Australia, Canada and elsewhere that have published copies of the infringing photographs of the Mural obtained through Defendants. A list of infringing publications is set forth in **Exhibit 2.**

16. Lawton anticipates that discovery will reveal additional unauthorized publications of his Mural by licensees of the Defendants and hereby incorporates any additional infringements into this Complaint.

17. No effort was made by Defendants to check the Copyright Office records regarding the Mural where a search for "Jam Master Jay" would have revealed Plaintiff's registration.

18. Defendants have benefited financially from the unauthorized use of the Mural and have interfered with, indeed usurped, Lawton's ability to license the Mural himself.

19. Upon learning of Defendants' infringement, Lawton, through counsel, sent a letter dated March 21, 2024 to Defendants demanding that the infringement cease immediately and that Lawton be compensated for the unauthorized licensing of the Mural. **Exhibit 3.**

20. This is not the first time Defendants have infringed the Mural. On June 7, 2021, Lawton filed a Complaint against the Getty Defendants for infringement of the Mural in connection with a different photograph taken by a different photographer. **Exhibit 4.** That case was settled.

21. As of this filing, the parties have been unable to agree upon the terms of a

4

settlement in this case and Defendants' counsel has pronounced the parties "to far apart" to settle.

## COUNT I
## INFRINGEMENT OF COPYRIGHTS

22. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

23. Plaintiff is, and at all relevant times has been, the sole owner of the exclusive rights under United States Copyright Act of the copyrighted Mural identified in **Exhibit 1**, which is the subject of a valid Certificate of Copyright Registration No. VAu001330486 issued by the Register of Copyrights.

24. Among the exclusive rights granted to Plaintiff under the Copyright Act is the exclusive right to reproduce and license others to reproduce all or portions of the Mural.

25. Defendants, without the permission or consent of Plaintiff, made or caused to be made photographs of the Mural and licensed them to at least 39 different publications.

26. Defendants' actions constitute infringement of Plaintiff's exclusive rights under the Copyright Act.

27. Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, with disregard and indifference to his rights.

26. As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and attorneys' fees and costs pursuant to 17 U.S.C. § 505 and 28 U.S.C. §1927.

5

27.  Defendants' conduct is causing and, unless enjoined by this Court, will
continue to cause Plaintiff irreparable injury that cannot be fully compensated or
measured in money.

28.  Plaintiff has no adequate remedy at law and is entitled to injunctive relief
pursuant to 17 U.S.C. §§ 502 and 503 prohibiting Defendants from continuing to
infringing Plaintiff's copyrights and ordering Defendants to destroy all unlicensed
photographs of the Mural made and used in violation of Plaintiff's exclusive copyrights.

Dated:       North Salem, New York
             February 26, 2025

                                        KATHERINE DANIELS, LLC

                                        Katherine J. Daniel

                                        Katherine J. Daniels, Esq.
                                        768 Peach Lake Road
                                        North Salem, New York 10560
                                        914-886-8198
                                        kdaniels@katherinedanielsllc.com

                                        Stacey Richman, Esq.
                                        Richman Hill & Associates, PLLC
                                        *Of Counsel*